GERTRUDE GALIF, an Infant, by SARAH GALIF, Her Guardian ad Litem, Appellant, *v.* J. ERLICHMAN, INC., Sued Herein as ERLICHMAN ICE CREAM COMPANY, Respondent.

(Supreme Court, Appellate Term, April, 1911.)

Costs — Payment and enforcement thereof — In general — Time for payment or enforcement.

> A provision in an order requiring the plaintiff to serve a bill of particulars that the plaintiff shall pay the costs of the motion within ten days after service of a copy of the order with notice of entry " and at least at or before the service of the bill of particulars " is not to be construed as requiring the payment of such

costs as a condition precedent to the service of the bill of particulars, but only as fixing the time for the payment thereof.

APPEAL by plaintiff from an order of the City Court of the city of New York, granting a motion to preclude plaintiff from offering evidence because of her failure to serve a bill of particulars pursuant to order.

Abraham I. Smolens, for appellant.

Frank V. Johnson, for respondent.

BIJUR, J. Upon the plaintiff's refusal to serve a bill of particulars upon demand, the defendant obtained and served an order on the plaintiff, November 22, 1910, directing her to serve a bill of particulars within ten days. This order continued:

*"And it is further ordered,* that the plaintiff pay to the defendant's attorney within ten (10) days after the service upon plaintiff's attorney of a copy of this order with notice of entry thereof, and at least at or before the service of the bill of particulars, Ten ($10.00) dollars costs of this motion."

Plaintiff did not pay the costs, but on December second served a bill of particulars, which was promptly returned. Defendant claims that the order made the service of the bill of particulars conditional upon plaintiff's first paying costs. In this construction of the order I cannot concur. It would be an extraordinary form of order in any event to direct a plaintiff to serve a bill of particulars, and, at the same time, to treat it as a privilege accorded to him by requiring him to pay ten dollars before carrying out the order of the court. I prefer to adopt the simpler and more reasonable interpretation, that the provisions as to the payment of costs merely fixed the time of payment.

In this view the bill of particulars was improperly returned by defendant, because it had been duly served; from which it follows that the order to preclude plaintiff from

giving testimony thereunder, from which this appeal is taken, was improperly granted and should be reversed, with costs. Order reversed, with ten dollars costs and disbursements.

Seabury and Lehman, JJ., concur.

Order reversed.